**JUDGE COTE**

**08 CV 3374**

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: JOSEPH N. CORDARO
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2745
Facsimile: (212) 637-2686
Email: joseph.cordaro@usdoj.gov



APR 04 2008
U.S.D.C. S.D.N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

WENDY EISERMANN, As Mother and Natural : 
Guardian of J.S., and WENDY EISERMANN, : **NOTICE OF REMOVAL**
Individually, :
 :
                       Plaintiffs, :
 : 08 Civ. _____
     -against- :
 :
DAVID WALKER, M.D., THE DUTCHESS : Index No. 8634/2007
MEDICAL PRACTICE, P.C., ROBERT : (Supreme Court of the State of
DWECK, M.D., and HUDSON RIVER : New York, Dutchess County)
HEALTHCARE CENTERS, :
 :
                       Defendants. :

------------------------------------------------------------- x

      Defendants David Walker, M.D., ("Dr. Walker"), Robert Dweck, M.D. ("Dr. Dweck"), and Hudson River HealthCare, Inc. ("HRH") (collectively, the "Federal Defendants"), by their attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, hereby remove the above-captioned action to the United States District Court for the Southern District of New York.

The grounds for removal are as follows:

1. On or about December 20, 2007, plaintiff Wendy Eisermann, individually, and as mother and natural guardian of infant plaintiff J.S. ("Plaintiffs"),[1] filed a complaint in the above-captioned action against the Federal Defendants and The Dutchess Medical Practice, P.C. in the Supreme Court of the State of New York, Dutchess County, under Index Number 8634/2007. A true and correct copy of the summons and complaint is attached as Exhibit A.

2. In July 1994, the Department of Health and Human Services, Health Resources and Services Administration, Bureau of Primary Health Care, deemed HRH, f/k/a Peekskill Area Health Center, Inc., and its employees, including Dr. Walker and Dr. Dweck, to be employees of the United States Government pursuant to section 224 of the Public Health Service Act, as amended by the Federally Supported Health Centers Assistance Act of 1995, Pub. L. No. 104-73. *See* 42 U.S.C. § 233(g)-(j), (m). That status has continued uninterrupted since that date.

3. The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 1402(b), 2401(b) and 2671-2680, provides the exclusive remedy with respect to Plaintiffs' claims against the Federal Defendants. *See* 42 U.S.C. § 233(a).

4. This action may be removed to this Court pursuant to 42 U.S.C. § 233(c), and 28 U.S.C. § 2679(d)(2) because: (i) trial has not yet been had of this action; and (ii) this is a civil action brought against parties deemed to be employees of the United States Government for purposes of the FTCA. A true and correct copy of the Certification of Michael J. Garcia, United States Attorney for the Southern District of New York, dated March 28, 2008, certifying that the

---

[1] The full name of plaintiff J.S. has been withheld pursuant to Fed. R. Civ. P. 5.2(a)(3).

2

Federal Defendants are employees of the United States for purpose of Plaintiffs' claims against them, is attached as Exhibit B.

Dated: New York, New York
April 4, 2008

                                    MICHAEL J. GARCIA
                                    United States Attorney for the
                                    Southern District of New York
                                    Attorney for the Federal Defendants

By:                   /s/ Joseph N. Cordaro
                                    JOSEPH N. CORDARO
                                    Assistant United States Attorney
                                    86 Chambers Street, Third Floor
                                    New York, New York 10007
                                    Telephone: (212) 637-2745
                                    Facsimile: (212) 637-2686
                                    Email:

To:    Eliot M. Wolf, Esq.
        Wolf & Fuhrman, P.C.
        1453 Webster Avenue
        Bronx, New York 10456
        *Attorneys for Plaintiffs*

        The Dutchess Medical Practice, P.C.
        3360 Route 343
        Amenia, New York 12501

Fax from :

**REDACTED**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS
----------------------------------------X
WENDY EISERMANN, As Mother and natural
guardian of J███ S███████, and WENDY
EISERMANN, individually,

           Plaintiffs,

-against-

DAVID WALKER, M.D., THE DUTCHESS MEDICAL
PRACTICE, P.C., ROBERT DWECK, M.D., and
HUDSON RIVER HEALTHCARE CENTERS,

           Defendant.
----------------------------------------X

INDEX #: 2007/8634
Date Purchased:

SUMMONS

Plaintiff designates
DUTCHESS County
as the place of trial

The basis of venue
is plaintiffs' place
residence at 32 Merwin
Road, Millerton, N.Y., 12546

To the above named Defendant(s):

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Bronx, New York
      December 10, 2007

                                Yours etc.

                                WOLF & FUHRMAN, P.C.

                                _[signature]_
                                Attorneys for Plaintiff(s)
                                BY: ELIOT M. WOLF, ESQ.
                                1453 Webster Avenue
                                Bronx, New York 10456
                                (718) 393-0980

**Defendant's addresses:**

DAVID WALKER, M.D.
c/o Dutchess Medical Practice, P.C.
3360 Route 343
Amenia, New York, 12501


DUTCHESS MEDICAL PRACTICE, P.C.
3360 Route 343
Amenia, New York 12501


ROBERT DWECK, M.D.
c/o Dutchess Medical Practice, P.C.
3360 Route 343
Amenia, New York, 12501


HUDSON RIVER HEALTHCARE CENTERS
3360 Route 343
Amenia, New York, 12501

01-16-08 12:31p   Pg: 5

Fax from :

**REDACTED**

SUPREME COURT OF THE STATE OF NEW YORK
DUTCHESS COUNTY
------------------------------------------------------------X
WENDY EISERMANN, As Mother and natural guardian of
J███ S███ and WENDY EISERMANN, individually

                              Plaintiffs,

                              INDEX #:

             -against-

                             **VERIFIED**
                             **COMPLAINT**

DAVID WALKER, M.D., THE DUTCHESS MEDICAL PRACTICE,
P.C., ROBERT DWECK, M.D., and HUDSON RIVER
HEALTHCARE CENTERS
                          Defendants.
------------------------------------------------------------X

      Plaintiff's by their attorneys WOLF & FUHRMAN allege the following as and for their verified complaint all upon information and belief;

    1.    At all times relevant herein the plaintiffs were residents of the State of New York.

    2.    At all times relevant herein the plaintiffs resided at 32 Merwin Road in Millerton, New York.

### AS AND FOR A FIRST CAUSE OF ACTION
### FOR MEDICAL MALPRACTICE

    3.    At all times relevant herein the Defendant DAVID WALKER, M.D., held himself out to the general public as a physician duly licensed in the State of New York to render medical care to patients and more specifically the infant plaintiff herein.

    4.    At all times relevant herein the Defendant, DAVID WALKER, M.D., held

himself out to the general public as a physician duly competent to render medical care to patients and more specifically to the infant plaintiff herein.

5. At all times relevant herein the Defendant, THE DUTCHESS MEDICAL PRACTICE, P.C. (hereinafter "DUTCHESS") held itself out to the general public as a facility offering competent medical care to pediatric patients and more specifically to the infant plaintiff herein.

6. At all times relevant herein Defendant, "DUTCHESS" was a professional corporation.

7. At all times relevant herein the Defendant "DUTCHESS" employed the Defendant DAVID WALKER, M.D.

8. At all times relevant herein the Defendant "DUTCHESS" employed the Defendant, ROBERT DWECK, M.D.

9. At all times relevant herein the Defendant, ROBERT DWECK, M.D., was a physician duly licensed to practice medicine in the State of New York.

10. At all times relevant herein the Defendant, ROBERT DWECK, M.D., held himself out as Board Certified in the specialty of pediatrics.

11. At all times relevant herein the Defendant, ROBERT DWECK, M.D., held himself out as competent to provide medical care to pediatric patients and more specifically to the infant plaintiff herein.

12. That at all times relevant herein the Defendant, HUDSON RIVER COMMUNITY HEALTH (hereinafter "HRCH"), held itself out as a facility that provided competent medical care to the general public and more specifically to the infant plaintiff herein.

-4-

01-16-08 12:32p   Pg: 7
Fax from :
REDACTED

13. That the infant plaintiff, J███ S███, was born on February 21, 2003.

14. That the infant plaintiff, J███ S███, became a patient at the offices of the Defendant "DUTCHESS" on or about March 10, 2003.

15. That the infant plaintiff, J███ S███, became a patient of Defendant "HRCH" on or about March 10, 2003.

16. That the infant plaintiff, J███ S███, was treated continuously by Defendant, "DUTCHESS" until on or about May 23, 2007.

17. That the infant plaintiff, J███ S███, was treated continuously by the Defendant, 'HRCH" until on or about May 23, 2007.

18. That the infant plaintiff, J███ S███, was treated by the Defendant, DAVID WALKER, M.D., from on or about January 26, 2006.

19. That the infant plaintiff, J███ S███, was treated by the Defendant, DAVID WALKER, M.D., continuously until on or about May 16, 2007.

20. That the infant plaintiff, J███ S███ was treated by the Defendant, ROBERT DWECK, M.D., on or about May 23, 2005 when enlarged lymph nodes were assessed by said Defendant as "reactive lymphadenopathy".

21. That the care rendered by agents, designees, servants, employees and/or assignees of Defendant "DUTCHESS" deviated from good and accepted standards of medical practice then prevailing.

22. That the care rendered by Defendant, ROBERT DWECK, M.D. was in the course of his employment by Defendant, "DUTCHESS".

23. That the care rendered by Defendant, DAVID WALKER, M.D. was in the

-5-

ax from :    01-16-08 12:33p    Pg: 8

course of his employment by the Defendant, "DUTCHESS".

24. That the care rendered by Defendant, ROBERT DWECK, M.D., was in the course of his employment by the Defendant, "HRCH".

25. That the care rendered by the Defendant, DAVID WALKER, M.D., was in the course of his employment by the Defendant, "HRCH".

26. That the care rendered by Defendant, DAVID WALKER, M.D., deviated from good and accepted standards of medical practice then prevailing.

27. That the care rendered by Defendant, ROBERT DWECK, M.D., deviated from good and accepted standards of medical practice then prevailing.

28. That the care rendered by the agents, employees, designees, and or assignees of Defendant, HRCH" deviated from the good and accepted standards of medical care then prevailing.

29. That the infant plaintiff was caused to become sick, sore, lame and disabled as a direct result of the deviations from good and accepted standards of care.

30. That the injuries sustained by the infant plaintiff were caused solely by the negligence and medical malpractice of the Defendants in their departures from good and accepted standards of medical and hospital practice.

31. That the infant plaintiff did not contribute to the injuries he sustained by any action, or lack thereof, on his part.

32. This action falls within one or more of the exceptions of CPLR Article 16.

33. By reason of the foregoing the infant plaintiff has been damaged by the Defendant s in a sum which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

-6-

**REDACTED**

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF, WENDY EISERMANN

34. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "33" as if more fully set forth herein.

35. Plaintiff, WENDY EISERMANN is the mother and natural guardian of the infant plaintiff, J███ S███.

36. That solely as a result of the acts of the Defendants heretofore alleged, the plaintiff, WENDY EISERMANN has been caused to lose the companionship, society and love of her son, the infant plaintiff herein.

WHEREFORE, Plaintiffs seek judgment on the First, and Second Causes of Action in amounts that exceed the jurisdictional limits of all lower Courts that might otherwise have jurisdiction and for such further and just relief that the Court deem proper.

Dated: December 11, 2007
Bronx, New York

Yours etc.

WOLF AND FUHRMAN

By: ELIOT M. WOLF, ESQ.
Attorneys for Plaintiff
1453 Webster Avenue
Bronx, New York 10456

-7-

ax from

To:  DAVID WALKER, M.D.
3360 Route 343
P.O. Box 108
Amenia, New York, 12501

THE DUTCHESS MEDICAL PRACTICE, P.C.
3360 Route 343
P.O. Box 108
Amenia, New York, 12501

ROBERT DWECK, M.D.
3360 Route 343
P.O. Box 108
Amenia, New York, 12501

HUDSON RIVER HEALTHCARE CENTERS
3360 Route 343
P.O. Box 108
Amenia, New York, 12501

## ATTORNEY VERIFICATION:

ELIOT M. WOLF, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, hereby affirms the truth of the following under penalty of perjury:

I am a member of the law firm of Wolf & Fuhrman, the attorneys for the plaintiffs, and as such am familiar with the facts and circumstances herein.

I have read the foregoing COMPLAINT, and know the contents thereof to be true to my knowledge, except as to those matters therein stated upon information and belief, and as to those matters I believe them to be true.

The grounds of my belief as to those matters stated upon information and belief are as follows: conversations with plaintiff, medical records and investigation reports on file.

The reason this verification is made by me and not the plaintiff personally is because the plaintiff resides outside the county where I maintain my office.

Dated: Bronx, New York
       December 11, 2007

_____
ELIOT M. WOLF, ESQ.

-9-

# CERTIFICATE OF MERIT

STATE OF NEW YORK)

COUNTY OF BRONX):

ELIOT M. WOLF, ESQ., an attorney duly admitted to practice in the Courts of the State of New York, hereby affirms as follows pursuant to CPLR 2106:

I have reviewed the facts of this case and consulted with at least one physician who is licensed to practice medicine in the State and who I reasonably believe is knowledgeable in the relevant issue involved in this action, and I have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this action.

Dated: Bronx, New York
December 11, 2007

*[signature]*
ELIOT M. WOLF, ESQ.

Fax from :

REDACTED

SIRS: Please take notice that the within is a (certified) true copy of a NOTICE OF ENTRY duly entered in the office of the clerk of the within named court on

Dated: Malverne, New York
       20

Yours, etc.
**WOLF & FUERMAN**

By:
Attorney(s) for
Office and Post Office Address, Telephone
1453 Webster Avenue
Bronx, New York 10456
(718) 293-0980

To:
Attorney(s) for

SIRS: Please take notice that an order NOTICE OF SETTLEMENT of which the within is a true copy will be presented for settlement to the HON.
one of the judges of the within named Court at
on                      20     at        M.

Dated: New York, New York
       20

Yours, etc.
**WOLF & FUERMAN**

By:
Attorney(s) for
Office and Post Office Address, Telephone
1453 Webster Avenue
Bronx, New York 10456
(718) 293-0980

To:
Attorney(s) for

---

Index No.                    Year 2007

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

WENDY EISERMANN, As Mother and Natural Guardian of
████████ and WENDY EISERMANN, Individually,

                                              Plaintiffs

-against-

DAVID WALKER, M.D., THE DUTCHESS MEDICAL
PRACTICE, P.C., ROBERT DWECK, M.D., and HUDSON
RIVER HEALTHCARE CENTERS,

                                              Defendant(s)

**VERIFIED SUMMONS AND COMPLAINT**

**WOLF & FUERMAN**
Attorneys for Plaintiff(s)
EISERMANN/S
Office and Post Office Address, Telephone
1453 Webster Avenue
Bronx, New York 10456
(718) 293-0980

To:
Attorney(s) for

Service of a copy of the within
                                    is hereby admitted.

Dated,
Attorney(s) for

SIRS: Please take notice that to the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation or the contentions herein are not frivolous, as that term is defined in Part 130 of the Court Rules.

Dated: Bronx, New York    December 11, 2007
Signature:
Name Printed: ELIOT M. WOLF, ESQ.

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: JOSEPH N. CORDARO
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2745
Facsimile: (212) 637-2686
Email: joseph.cordaro@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

WENDY EISERMANN, As Mother and Natural :     08 Civ. _____
Guardian of J.S., and WENDY EISERMANN, :
Individually :
   :     Dutchess County
                          Plaintiffs, :    Index No. 8634/2007
:
                  -against- :
:
DAVID WALKER, M.D., THE DUTCHESS :     **CERTIFICATION**
MEDICAL PRACTICE, P.C., ROBERT :
DWECK, M.D., and HUDSON RIVER :
HEALTHCARE CENTERS :
:
                      Defendants. :

------------------------------------------------------------ x

      I, MICHAEL J. GARCIA, the United States Attorney for the Southern District of New York, pursuant to the provisions of section 224 of the Public Health Service Act, 42 U.S.C. § 233, and 28 U.S.C. § 2679(d), and by virtue of the authority vested in me by the Attorney General under 28 C.F.R. § 15.4(a), hereby certify, on the information now available, that defendants David Walker, M.D., Robert Dweck, M.D., and Hudson River HealthCare, Inc., were acting within the scope of their employment at the time they rendered medical care to infant

plaintiff J███ S███, and that, pursuant to section 224(g) of the Public Health Service Act, 42 U.S.C. § 233(g), defendants David Walker, M.D., Robert Dweck, M.D., and Hudson River HealthCare, Inc., are deemed to be employees of the United States under the Federal Tort Claims Act.

Dated: New York, New York
       March 2█, 2008

*(signature)*
MICHAEL J. GARCIA
United States Attorney
Southern District of New York

2