UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- x

WENDY EISERMANN, As Mother and Natural :
Guardian of J.S., and WENDY EISERMANN, :
Individually, :
: 08 Civ. 3374 (DLC) (HBP)
Plaintiffs, :
: ECF Case
-against- :
:
DAVID WALKER, M.D., THE DUTCHESS :
MEDICAL PRACTICE, P.C., ROBERT :
DWECK, M.D., and HUDSON RIVER :
HEALTHCARE CENTERS, :
:
Defendants. :

----------------------------------------------------------------- x

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO SUBSTITUTE THE UNITED STATES AS DEFENDANT
FOR DEFENDANTS DAVID WALKER, M.D., ROBERT DWECK, M.D.,
AND HUDSON RIVER HEALTHCARE, INC., AND TO DISMISS THE
COMPLAINT AS AGAINST THE UNITED STATES**

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for the United States
and for Defendants David Walker, M.D.,
Robert Dweck, M.D, and Hudson
River HealthCare, Inc.
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2745
Facsimile: (212) 637-2686

JOSEPH N. CORDARO
Assistant United States Attorney
    – Of Counsel –

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    A.    Plaintiffs' Complaint Alleges Negligence Regarding
The Provision of Medical Services . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    B.    The Federal Defendants Were Employees Of The
United States At All Times Relevant To The
Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    C.    The Federal Defendants Were Acting Within The
Scope Of Their Employment At All Times
Relevant To The Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    D.    The Action Was Removed To Federal Court . . . . . . . . . . . . . . . . . . . . 4

    E.    Plaintiffs Failed To File An Administrative Tort
Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    I.    THE UNITED STATES SHOULD BE SUBSTITUTED
FOR THE FEDERAL DEFENDANTS AS A PARTY
DEFENDANT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    II.    THE CLAIMS AGAINST THE UNITED STATES
SHOULD BE DISMISSED BECAUSE THE COURT
LACKS SUBJECT MATTER JURISDICTION OVER
THOSE CLAIMS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        A.    Plaintiffs Bear The Burden Of Proving Subject
Matter Jurisdiction To Avoid Dismissal Under
Rule 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        B.    This Court Lacks Subject Matter Jurisdiction Over
Plaintiffs' Claims Against The United States
Because Plaintiffs Failed To File An Administrative
Tort Claim Prior To Commencing This Action . . . . . . . . . . . . . . . . . 8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

# TABLE OF AUTHORITIES

**Cases**:

Celestine v. Mount Vernon Neighborhood Health Ctr.,
    403 F.3d 76 (2d Cir. 2005) .................................................. 5, 6, 7, 8, 9

Chayoon v. Chao, 355 F.3d 141 (2d Cir. 2004) (per curiam) ................................ 9

Cuoco v. Moritsugu, 222 F.3d 99 (2d Cir. 2000) ............................................ 5, 6

In re "Agent Orange" Prod. Inst., 818 F.2d 210 (2d Cir. 1987) ............................... 9

Johnson v. Smithsonian Inst., 189 F.3d 180 (2d Cir. 1999) ................................... 9

Luckett v. Bure, 290 F.3d 493 (2d Cir. 2002) ................................................ 8

Makarova v. United States, 201 F.3d 110 (2d Cir. 2000) ...................................... 8

McHugh v. Univ. of Vt., 966 F.2d 67 (2d Cir. 1992) .......................................... 7

McNeil v. United States, 508 U.S. 106 (1993) ................................................ 8

Osborn v. Haley, 127 S. Ct. 881 (2007) ...................................................... 7

Rivera v. United States, 928 F.2d 592 (2d Cir. 1991) ........................................ 6

Robinson v. Overseas Military Sales Corp., 21 F.3d 502 (2d Cir. 1994) ....................... 8

**Statutes, Rules, and Regulations**:

Public Health Service Act § 224, 42 U.S.C. § 233 ....................................... passim

28 U.S.C. § 1346(b) ......................................................................... 2

28 U.S.C. § 2401(b) ......................................................................... 9

28 U.S.C. §§ 2671-80 ........................................................................ 2

28 U.S.C. § 2675(a) ....................................................................... 8, 9

28 U.S.C. § 2679 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4, 6

28 C.F.R. § 15.4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4, 7

Fed. R. Civ. P. 5.2(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Fed. R. Civ. P. 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 8

Defendants David Walker, M.D. ("Dr. Walker"), Robert Dweck, M.D. ("Dr. Dweck"), and Hudson River HealthCare, Inc. ("HRHC") (collectively, the "Federal Defendants"), by and through their attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, respectfully submit this memorandum in support of their motion to substitute the United States of America (the "United States" or the "Government") as defendant for the Federal Defendants and to dismiss the Complaint as against the United States pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.

## PRELIMINARY STATEMENT

Plaintiffs Wendy Eisermann, individually, and on behalf of her son, infant plaintiff J.S. (collectively, "Plaintiffs"), commenced this medical malpractice action against the Federal Defendants, as well as defendant The Dutchess Medical Practice, P.C. ("DMP"), on or about December 20, 2007, in the Supreme Court of the State of New York, Dutchess County. Pursuant to section 224 of the Public Health Service Act, 42 U.S.C. § 233, HRHC and its employees, including Dr. Walker and Dr. Dweck, were deemed to be employees of the United States for purposes of tort actions seeking damages for injuries allegedly resulting from the provision of medical-related services, effective July 1, 1994 ("the deeming date").[1] Plaintiffs allege that the defendants committed negligent acts and omissions approximately from March 10, 2003, until May 23, 2007, which time period is after the deeming date.

The United States should be substituted as a defendant for the Federal Defendants. Under section 224(c) of the Public Health Service Act, "[u]pon a certification...that the defendant

---

[1] Defendant DMP has not been deemed a Public Health Service employee pursuant to 42 U.S.C. § 233(g) and is not a party to this motion.

was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed . . . and the proceeding deemed a tort action brought against the United States . . . ." 42 U.S.C. § 233(c). Michael J. Garcia, the United States Attorney for the Southern District of New York, has certified pursuant to 28 U.S.C. § 2679(d)(1) and 28 C.F.R. § 15.4(a) that the Federal Defendants were acting within the scope of their federal employment at the relevant times alleged in the Complaint. Under section 224(a) of the Public Health Service Act, 42 U.S.C. § 233(a), the exclusive remedy with respect to plaintiffs' claims against the Federal Defendants is an action against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 (the "FTCA"). Thus, the United States should be substituted for the Federal Defendants as the proper defendant in this case.

Upon substitution of the United States as defendant in place of the Federal Defendants, the Court should dismiss the Complaint as against the United States for lack of subject matter jurisdiction. The FTCA requires tort claimants, as a condition of the Government's waiver of its sovereign immunity, to exhaust administrative remedies before commencing an action in federal court. In this case, however, plaintiffs did not file an administrative claim with the United States Department of Health and Human Services ("HHS") as required by the FTCA. Accordingly, all claims against the United States should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## BACKGROUND

### A. Plaintiffs' Complaint Alleges Negligence Regarding The Provision Of Medical Services

On or about December 20, 2007, plaintiffs filed a Summons and Complaint in the Supreme Court of the State of New York, Dutchess County, against HRHC, Dr. Walker, Dr. Dweck, and DMP. (Decl. of Joseph N. Cordaro, Apr. 11, 2008, Ex. A.) The Complaint alleges that plaintiff J.S.[2] received negligent medical care from (i) HRHC beginning on or about March 10, 2003 until on or about May 23, 2007, (ii) Dr. Walker beginning on or about January 26, 2006 until on or about May 16, 2007, (iii) Dr. Dweck on or about May 23, 2005, and (iv) DMP beginning on or about March 10, 2003 until on or about May 23, 2007. (Cordaro Decl. Ex. A ¶¶ 14-21, 26-30.) Plaintiff J.S. allegedly "was caused to become sick, sore, lame and disabled" because of deviations from good and accepted standards of care. (Cordaro Decl. Ex. A ¶ 29.) In addition, plaintiff Wendy Eisermann, in her individual capacity, asserts a claim for the loss of "companionship, society and love of her son, the infant plaintiff herein." (Cordaro Decl. Ex. A ¶ 36.) Plaintiffs seek an unspecified amount of damages. (Cordaro Decl. Ex. A at 6-7.)

### B. The Federal Defendants Were Employees Of The United States At All Times Relevant To The Complaint

Pursuant to section 224(g)-(j), (m) of the Public Health Service Act, 42 U.S.C. § 233(g)-(j), (m), as principally amended by section 4 of the Emergency Health Personnel Act of 1970, Pub. L. No. 91-623, 84 Stat. 1868, 1870-71, and sections 3 through 8 of the Federally Supported Health Centers Assistance Act of 1995, Pub. L. No. 104-73, 109 Stat. 777, 777-81, HRHC and

---

[2] The full name of plaintiff J.S. has been withheld pursuant to Fed. R. Civ. P. 5.2(a)(3).

3

and physicians providing health services at HRHC—such as Dr. Walker and Dr. Dweck—were deemed to be employees of the United States Government effective July 1, 1994. (Decl. of Meredith Torres, Mar. 7, 2008, ¶¶ 5-6, Ex. 1.)[3] Dr. Walker and Dr. Dweck were employees of HRHC at all times relevant to the Complaint. (Torres Decl. ¶ 6.) Therefore, the Federal Defendants were employees of the United States at all times relevant to the Complaint.

### C. The Federal Defendants Were Acting Within the Scope Of Their Employment At All Times Relevant To The Complaint

On March 28, 2008, United States Attorney Michael J. Garcia certified, pursuant to section 224(c) of the Public Health Service Act, 42 U.S.C. § 233(c), 28 U.S.C. § 2679, and 28 C.F.R. § 15.4(a), that the Federal Defendants were acting within the scope of their federal employment at the time of the alleged incidents giving rise to this action. (Cordaro Decl., Ex. B.)

### D. The Action Was Removed To Federal Court

On April 4, 2008, this action was removed to this Court pursuant to section 224(c) of the Public Health Service Act, 42 U.S.C. § 233(c), and 28 U.S.C. § 2679(d)(2). (Cordaro Decl., Ex. C.)

### E. Plaintiffs Failed To File An Administrative Tort Claim

Plaintiffs have failed to file any administrative claim with HHS, the appropriate federal agency, before filing this action. (Torres Decl. ¶¶ 2-4.)

---

[3] HRHC was formerly known as Peekskill Health Center, Inc. (Torres Decl. ¶ 5.)

4

## ARGUMENT

### I. THE UNITED STATES SHOULD BE SUBSTITUTED FOR THE FEDERAL DEFENDANTS AS A PARTY DEFENDANT

As a preliminary matter, the United States should be substituted as defendant with respect to the tort claims alleged against the Federal Defendants. Section 224(g) of the Public Health Service Act provides that eligible community health centers and their employees are employees of the Public Health Service for certain purposes. 42 U.S.C. § 233(g). The Secretary of Health and Human Services deems a community health center a Public Health Center after the center has qualified for certain federal assistance, see id. § 233(g)(1)(D)-(G). "In instances where a tort action is brought against a federally funded public health center [or its employee] ... for conduct within the scope of its federal employment, the Attorney General (or ... one of his designees) may certify that the health center [or its employee] was indeed acting as a federal employee at the time of the incident." Celestine v. Mount Vernon Neighborhood Health Ctr., 403 F.3d 76, 80 (2d Cir. 2005). "Upon certification, the action may then be removed to federal court." Id. "Once such a case is removed, the United States can replace the named defendant as the allegedly liable party—and the case proceeds as a FTCA suit." Id.

The United States replaces any named employee of the Public Health Service as defendant because, under section 224(a) of the Public Health Service Act, 42 U.S.C. § 233(a), the FTCA is "the exclusive remedy for specified actions against members of the Public Health Service." Cuoco v. Moritsugu, 222 F.3d 99, 107 (2d Cir. 2000). Section 224(a) expressly provides:

5

> The remedy against the United States provided by [the FTCA] ... for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions ... by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, <u>shall be exclusive</u> of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

42 U.S.C. § 233(a) (emphasis added). This provision of the Public Health Service Act, like the FTCA generally, "allow[s] recovery by people injured by federal employees or by agents of the Federal Government, and, at the same time, ... immunize[s] such employees and agents from liability for negligent or wrongful acts done in the scope of their employment."[4] <u>Celestine</u>, 403 F.3d at 80. Section 224(a) of the Public Health Service Act, 42 U.S.C. § 233(a), thus protects "employees of the Public Health Service from being subject to suit while performing medical and similar functions." <u>Cuoco</u>, 222 F.3d at 108.

Here, the Secretary of Health and Human Services deemed HRHC and its employees to be Public Health Service employees for purposes of the Public Health Service Act and federal employees for the purposes of the FTCA, effective July 1, 1994. (Torres Decl. ¶¶ 5-6.) Pursuant to section 224(c) of the Public Health Service Act, 42 U.S.C. § 233(c), 28 U.S.C.

---

[4] While the Public Health Service Act specifically applies to employees of the Public Health Service, the FTCA, which applies generally to all federal employees, similarly provides that a suit against the United States is the exclusive remedy for damages for injury "resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment," 28 U.S.C. § 2679(b)(1), and provides government officers and employees acting within the scope of their employment with absolute immunity from claims of common-law tort, see <u>Rivera v. United States</u>, 928 F.2d 592, 608-09 (2d Cir. 1991).

6

§ 2679, and 28 C.F.R. § 15.4(a),[5] Michael J. Garcia, United States Attorney for the Southern District of New York, has certified that the Federal Defendants were acting within the scope of their employment as designated employees of the United States at the time of the incidents alleged in the Complaint. (Cordaro Decl., Ex. B.) The United States Attorney's certification provides the "basis for the substitution of the United States as a defendant and for the resultant immunization of the federal employee." McHugh v. Univ. of Vt., 966 F.2d 67, 72 (2d Cir. 1992), abrogated on other grounds by Osborn v. Haley, 127 S. Ct. 881 (2007); see 42 U.S.C. § 233(c) ("Upon a certification by the Attorney General that the defendant was acting in the scope of his employment ... the proceeding [shall be] deemed a tort action brought against the United States."); id. § 233(a) ("The remedy against the United States provided by [the FTCA] ... shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim."). Plaintiffs' claims against the Federal Defendants therefore should be dismissed, and the United States should be substituted as defendant. Cf. Celestine, 403 F.3d at 80-82.

---

[5] Section 15.4(a) of Title 28 of the Code of Federal Regulations provides:

> The United States Attorney for the district where the civil action or proceeding is brought ... is authorized to make the statutory certification that the Federal employee was acting within the scope of his office or employment with the Federal Government at the time of the incident out of which the suit arose.

28 C.F.R. § 15.4(a).

II.  **THE CLAIMS AGAINST THE UNITED STATES SHOULD BE DISMISSED BECAUSE THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THOSE CLAIMS**

Once the United States is substituted as defendant for the Federal Defendants, this Court should dismiss the FTCA action against the United States under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction due to plaintiffs' failure to file an administrative claim with HHS prior to commencing this suit.  Cf. Celestine, 403 F.3d at 84-85.

A.  **Plaintiffs Bear The Burden Of Proving Subject Matter Jurisdiction To Avoid Dismissal Under Rule 12(b)(1)**

"'A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the [Court] lacks the statutory or constitutional power to adjudicate it.'"  Luckett v. Bure, 290 F.3d 493, 496 (2d Cir. 2002) (quoting Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)).  "In resolving the question of jurisdiction, the district court can refer to evidence outside the pleadings and the plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."  Id. at 496-97.

B.  **This Court Lacks Subject Matter Jurisdiction Over Plaintiffs' Claims Against The United States Because Plaintiffs Failed To File An Administrative Tort Claim Prior To Commencing This Action**

"The FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court.  This requirement is jurisdictional and cannot be waived."  Celestine, 403 F.3d at 82 (citing McNeil v. United States, 508 U.S. 106, 113 (1993) and Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994)).  The exhaustion requirement is found in 28 U.S.C. § 2675(a), which states, "An action shall not be instituted upon

a claim against the United States … unless the claimant shall have first presented the claim to the appropriate federal agency ….." 28 U.S.C. § 2675(a); see Celestine, 403 F.3d at 82; see also 28 U.S.C. § 2401(b). The requirement is jurisdictional because "a motion invoking sovereign immunity [is one] to dismiss for lack of subject matter jurisdiction," Chayoon v. Chao, 355 F.3d 141, 143 (2d Cir. 2004) (per curiam), and compliance with the FTCA's administrative exhaustion requirement is a condition of the United States' waiver of sovereign immunity, see Celestine, 403 F.3d at 80, 82-83. Thus, "[u]nless a plaintiff complies with that [exhaustion] requirement, a district court lacks subject matter jurisdiction over a plaintiff's FTCA claim." Johnson v. Smithsonian Inst., 189 F.3d 180, 189 (2d Cir. 1999). This jurisdictional requirement "extends to all suits, including those begun in state court." Celestine, 403 F.3d at 82.

"The burden is on the plaintiff to both plead and prove compliance with the statutory requirements," and "[i]n the absence of such compliance, a district court has no subject matter jurisdiction over the plaintiff's claim." In re "Agent Orange" Prod. Litig., 818 F.2d 210, 214 (2d Cir. 1987). Here, plaintiffs' complaint does not allege that plaintiffs presented an administrative claim with respect to the Federal Defendants' alleged negligence. Thus, plaintiffs did not plead compliance with the statutory requirements of the FTCA. Nor could plaintiffs have pleaded compliance—they did not file an administrative claim with the appropriate federal agency prior to commencing suit. (Torres Decl. ¶¶ 2-4.) Accordingly, as plaintiffs failed to exhaust administrative remedies prior to commencing their action against the Federal Defendants, their claims against the United States must be dismissed for lack of subject matter jurisdiction. See Celestine, 403 F.3d at 84; *see also* "Agent Orange," 818 F.2d at 214.

9

## **CONCLUSION**

For the foregoing reasons, the Federal Defendants and the United States respectfully request that the Court: (i) substitute the United States as defendant in place of the Federal Defendants, and, upon substitution, (ii) dismiss the Complaint as against the United States for lack of subject matter jurisdiction.

Dated: New York, New York
       April 11, 2008

                                         Respectfully submitted,

                                         MICHAEL J. GARCIA
                                         United States Attorney for the
                                         Southern District of New York
                                         Attorney for the United States
                                         and the Federal Defendants

                                         ___s/ Joseph N. Cordaro_____
By:      JOSEPH N. CORDARO
                                         Assistant United States Attorney
                                         86 Chambers Street, Third Floor
                                         New York, New York 10007
                                         Telephone: (212) 637-2745
                                         Facsimile: (212) 637-2686
                                         Email: joseph.cordaro@usdoj.gov